# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-10048
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SILVESTRE LARA-CERVANTES,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-198-1

Before BENAVIDES, DENNIS, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Silvestre Lara-Cervantes pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(1). The district court sentenced him to 46 months of imprisonment followed by a one-year term of supervised release. Lara-Cervantes filed a timely notice of appeal.

Lara-Cervantes argues that his bottom-of-the-guidelines sentence is substantively unreasonable because the district court failed to give enough

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10048

weight to the fact that he had spent eight months in state custody for driving while intoxicated (DWI) before being prosecuted for illegal reentry. This court considers the substantive reasonableness of the sentence imposed under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

The record reflects that the district court considered Lara-Cervantes's arguments for a downward departure to account for the time he spent in state custody for his most recent DWI offense. The court concluded, however, that given Lara-Cervantes's criminal history, which included four DWI offenses, and the danger he posed to the public, such a departure was not warranted. As provided by the commentary to U.S.S.G. § 2L1.2, the seriousness of Lara-Cervantes's criminal history was an appropriate factor for the court to consider. § 2L1.2, comment. (n.6) (2016).

Lara-Cervantes's arguments are nothing more than a disagreement with the district court's weighing of the § 3553(a) factors, which is insufficient to show an abuse of discretion. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Because Lara-Cervantes has not rebutted the presumption of reasonableness applicable to his within-guidelines sentence, the judgment of the district court is AFFIRMED. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).